FILED
SUPERIOR COURT
OF GUAM

2018 MAR 20 AM 11: 26

CLERK OF COURT

By:_____

## IN THE SUPERIOR COURT OF GUAM

DD RENTALS/DANIEL DUVALL

        Plaintiffs,

vs.

JAMES A. WHITE,

        Defendant.

Small Claims Case No. SD0579-17

DECISION AND ORDER

## INTRODUCTION

This matter came before the Honorable Benjamin C. Sison, Jr. for a bench trial on December 14, 2017 and continued to January 25, 2018. Having reviewed the evidence and the arguments presented, the Court issues the following Decision and Order.

## BACKGROUND

DD Rentals and Daniel Duvall, ("Plaintiffs") filed a Declaration on August 11 2017, claiming that Defendant James A. White ("Defendant") is responsible for damages, including loss of use, to a 2007 Toyota Yaris that they had leased to Defendant. On September 2, 2016, the parties entered into a rental car agreement for the lease of a vehicle owned by Plaintiffs. The car initially leased to Defendant was a 2005 Toyota Corolla however this vehicle was experiencing problems and replaced by Plaintiffs on April 14, 2017 with a 2007 Yaris.

Defendant returned the 2007 Yaris to Plaintiff's rental agency on August 2, 2017. Upon the return of the vehicle, Plaintiffs immediately test drove the car and found that it dangerously pulled hard to the left. The vehicle was delivered to Triple J Motors Automobile Dealership and Plaintiff was charged $334.95 for repairs. These repairs entailed labor charges for the replacement of stabilizer links and control arm in the amount of $255.00 and 2-wheel alignment services in the amount of $79.95. Plaintiffs purchased the replacement parts from Carquest and Atkins Kroll at the cost of $115.26 and $266.38 respectively. Plaintiff claims that Defendant is liable for these charges plus $50.00 in loss of use for the vehicle for a total of $766.59. Defendant denies responsibility.

## DISCUSSION

Plaintiffs cites to various terms of its Rental Car Agreement with Defendant in arguing contractual liability against Defendant. The provisions specifically relied upon by Plaintiffs are as follows[1]:

- Any accidents or damages must be reported to the police and car rental company immediately. Failure to do so is a violation of the contract and the renter will be liable for all damages to the car plus LOU (loss of use)…

- Negligence. DD Rentals takes the position that all accidents involving driving in a negligent manner, such as auto-object (one car accident), speeding, or imprudent driving (to include loss of control of the car on wet coral roads) will be held liable for all damages to the car plus LOU…

- Limitation of Liability. Customer shall be limited to pay the first $2000.00 for repairs to the rental car if they are involved in an auto-auto accident that is the customer's fault or in any comprehensive incident (except theft) if customer abides by all terms and conditions of this rental contract.

---

[1] See Plaintiffs trial statement dated December 11 2017.

The court notes that the following provision in the parties' car rental agreement is also relevant in determining contractual liability against the Defendant:

- Vehicle damage caused by abusive treatment and determined by a professional mechanic is excluded from the limitation of liability. This pertains to interior/exterior, mechanical and/or electrical. Customer shall be charged the retail value of the repairs [sic] plus LOU...

Plaintiffs argue that the damage to the 2007 Yaris can only have been caused by Defendant driving in a negligent manner or subjecting the car to abusive treatment. However, Plaintiffs' witness, Michael Fejeran a mechanic, could not testify definitively that the damage to the vehicle was either a result of Defendant's abusive treatment or negligence. In fact Mr. Fejeran testified that the damage sustained can be the result of the vehicle simply falling into a pothole of a certain size and depth while driving at legal speed limits on Guam.[2] The court takes judicial notice that Guam's roads are known to be pothole laden and virtually impossible for drivers to avoid all such potholes on Guam's roads. The court also makes a finding that the susceptibility for the parts to become damaged in the manner that they did in this case is also dependent on the age of the vehicle and ordinary wear and tear on the subject parts. The subject vehicle in this case was over 10 years old around the time the damages were to have occurred.

In order to prevail in this matter, Plaintiffs must show by preponderance of the evidence that the damage sustained by the 2007 was a result of Defendant's abusive treatment and/or negligence in the operation of the vehicle. 6 GCA §8101. The court finds that Plaintiffs have failed to meet their burden of proof and therefore denies Plaintiffs request for relief against Defendant.

---

[2] In Plaintiffs' own trial statement, they admitted that related parts had to be replaced because a prior customer hit a curb and/or because of ordinary wear and tear.

## CONCLUSION

For the forgoing reasons, this case is hereby DISMISSED WITH PREJUDICE.

**SO ORDERED** this ___20___ day of March, 2018.

_____

**HONORABLE BENJAMIN C. SISON, JR.**
**Magistrate Judge, Superior Court of Guam**